**CITY OF CHARLESTON, SOUTH CAROLINA, Plaintiff,**

**v.**

**HOTELS.COM, LP, et al., Defendants.**

**Town of Mount Pleasant, South Carolina, Plaintiff,**

**v.**

**Hotels.com, LP, et al., Defendants.**

**C.A. Nos. 2:06–cv–1646–PMD, 2:06–cv–2087–PMD.**

United States District Court, D. South Carolina, Charleston Division.

April 23, 2007.

Walter Ronald Bonds, Attorneys for Medical Help, Charleston, SC, for Plaintiff.

Bradish Johnson Waring, Thomas S. Tisdale, Jr., Nexsen Pruet Jacobs Pollard and Robinson, Charleston, SC, Deborah S. Sloan, James P. Karen, Jones Day, Dallas, TX, Elizabeth B. Herrington, Paul E. Chronis, Purvi G. Patel, McDermott Will and Emery, Chicago, IL, Benjamin Jonathan Fox, David Frank McDowell, Jr., James Oliva, Morrison and Foerster, Los Angeles, CA, Karen L. Valihura, Michael A. Barlow, Skadden Arps Slate Meagher and Flom, Wilmington, DE, for Defendants.

## ORDER

DUFFY, District Judge.

This matter is before the court on Plaintiffs City of Charleston and Town of Mount Pleasant's ("Charleston" and "Mt. Pleasant" respectively; collectively, "Plaintiffs") Motions to Amend their Complaints to include a count based on the South Carolina Unfair Trade Practices Act, S.C.Code Ann. § 39–5–10, *et seq.*

## FACTUAL BACKGROUND

The facts, as alleged by Plaintiffs' proposed Amended Complaints, are as follows:

Pursuant to their respective Municipal Accommodations Fee Ordinances, Charleston imposes a tax of 2% and Mt. Pleasant imposes a tax of 1% (the "tax") on the gross proceeds derived from the rental of any accommodations within their borders. All persons renting hotel rooms within Charleston or Mt. Pleasant are required to pay the tax, in addition to the gross price of the hotel room. The tax is paid by the consumer at the time of "delivery of the accommodations to which the fee applies" and is collected on behalf of the relevant municipality by the provider of the service of the rental of accommodations. Plaintiffs adopted these taxes in 1996 to help provide property tax relief to their residents.

Defendants are online sellers and/or online resellers of hotel rooms to the general public. Defendants have rented rooms in Charleston and in Mt. Pleasant to consumers and have collected accommodation taxes. Plaintiffs assert, however, that Defendants have not paid the full amount of tax due and owing to Plaintiffs on these transactions. Specifically, Defendants contract with hotels operating within Charleston and Mt. Pleasant for rooms at negotiated discounted room rates. Defendants then mark up the prices on their inventory of rooms and sell the rooms at a higher price to consumers who occupy the rooms. Defendants charge and collect the accommodations taxes from occupants at the time of the sale based on the marked-up room rates, but then remit the lower tax amounts to Plaintiffs. Defendants keep the difference between the amount charged to the public and the amount remitted to the Plaintiffs. Plaintiffs assert that this practice violates Plaintiffs' Municipal Accommodations Fee Ordinances and constitutes an unfair or deceptive trade practice.

## PROCEDURAL BACKGROUND

On April 26, 2006, Charleston filed a Complaint against Defendants in the Charleston County Court of Common Pleas. Mt. Pleasant filed a nearly identical Complaint against Defendants on May 23, 2006, also in Charleston County Court of Common Pleas. These Complaints originally asserted causes of action for (1) violations of the Municipal Accommodations Fee Ordinance, (2) conversion, and sought (3) imposition of constructive trust and (4) a full legal accounting. Defendants removed both cases to federal district court pursuant to 28 U.S.C. § 1332, diversity jurisdiction.

On January 11, 2007, based upon the parties' agreement and consent, the court entered Amended Scheduling Orders in both cases. Under these Orders, the parties had until January 23, 2007 to amend their pleadings. Accordingly, on January 22, 2007, Plaintiffs filed Motions to Amend their Complaints, seeking to add a fifth cause of action to their Complaints based on Defendants' alleged violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C.Code Ann. § 39–5–10, *et seq.* Plaintiffs attached to their Motions the proposed Amended Complaints. Defendants have filed a Response opposing the Motions to Amend, to which Plaintiffs have replied.

## STANDARD OF REVIEW

Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to amend a pleading "be freely given when justice so requires," and the Supreme Court has held that "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The Fourth Circuit instructs that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Pittston Co. v. United States,* 199 F.3d 694, 705 (4th Cir.1999). While this court is given discretion to deny a motion to amend, "that discretion is limited by the interpretation given Rule 15(a) in *Foman* 'and by the general policy embodied in the Federal Rules favoring resolution of cases on their merits.' " *Island Creek Coal Co. v. Lake Shore, Inc.,* 832 F.2d 274, 279 (4th Cir.1987) (citation omitted). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Ed-*

*wards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir.1999) (quoting *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir.1986)) (emphasis in original). A delay in bringing a proposed amendment is insufficient reason to deny leave to amend. *Id.*

## ANALYSIS

In this case, because Plaintiffs filed their Motions to Amend their Complaints within the time prescribed by the scheduling order, Defendants cannot claim that the Motions are untimely. Instead, Defendants argue that Plaintiffs' Motion should be denied because the proposed amendments are futile and would cause prejudice to Defendants.

### (1) Futility

For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." *Oroweat Foods Co.,* 785 F.2d at 510–511; *see also Rambus, Inc. v. Infineon Tech., AG,* 304 F.Supp.2d 812, 819 (E.D.Va.2004) ("Courts generally favor the 'resolution of cases on their merits' . . . [t]hus the substantive merits of a proposed claim [or defense] are typically best left for later resolution, e.g., motions to dismiss or for summary judgment, . . . , or for resolution at trial.") (quoting *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980)); *see also Robinson v. GEO Licensing Co., L.L.C.,* 173 F.Supp.2d 419, 423 (D.Md.2001). Accordingly, the court considers whether a cause of action for SCUTPA as asserted in the proposed Amended Complaints is clearly insufficient or frivolous on its face.

The SCUTPA broadly prohibits any "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

S.C.Code Ann. § 39–5–20. To bring a claim under SCUTPA, a plaintiff[1] must allege (1) that the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce, (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's unfair or deceptive act, and (3) that the unfair or deceptive act had an adverse impact on the public interest. *See* S.C.Code Ann. § 39–5–140; *Havird Oil Co., Inc. v. Marathon Oil Co., Inc.*, 149 F.3d 283, 291 (4th Cir. 1998); *Daisy Outdoor Advertising Co., Inc. v. Abbott,* 322 S.C. 489, 473 S.E.2d 47, 49 (1996).

Defendants assert that Plaintiffs' proposed SCUTPA causes of action are insufficient on their faces because (A) they fail to allege trade practices which are unfair or deceptive and (B) the regulatory exception of SCUTPA bars this cause of action.

### A. Do the Amended Complaints Allege Unfair or Deception Practices?

▉ Defendants assert that their alleged failure to pay local taxes is neither "unfair" nor "deceptive." (Defs. Opposition at 6.) As such, Defendants argue that Plaintiffs have not alleged facts supporting the first element of a SCUTPA cause of

action. The court notes, however, that the Amended Complaints do not *only* allege that Defendants failed to pay the relevant local tax; rather, they allege that Defendants collected the tax from consumers and then wrongfully kept a portion of the tax collected. (Amended Complaint ¶ 22, 27.) In other words, the alleged deceptive and unfair business practice is Defendant's practice of collecting from consumers a higher tax than Defendants intended to remit, thereby wrongfully denying the municipalities of their tax revenues. The court finds that this allegation is sufficiently unfair and deceptive to satisfy the liberal pleading requirements of Rule 15(a).[2]

### B. Do the Facts as Alleged in the Amended Complaint Necessarily Implicate the Regulatory Exception of SCUTPA?

▉ Section 39–5–40(a) of the Code provides that SCUTPA does not apply to "[a]ction or transactions permitted under laws administered by any regulatory body or officer acting under statutory authority of this State or the United States or actions or transactions permitted by any other South Carolina State law." Defendants argue that this regulatory exemption to SCUTPA bars this lawsuit. In support of

1. A SCUTPA cause of action may be asserted by any "person" who suffers an ascertainable loss of money or property as a result of a defendant's unfair or deceptive trade practice. The South Carolina lawmakers clearly contemplated that county or municipal governments would bring SCUTPA causes of action, as the Act itself provides that "any solicitor or county or city attorney with prior approval of the Attorney General may institute and prosecute actions hereunder." S.C.Code Ann. § 39–5–130. Moreover, the definition of "persons" under the Act includes "natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations and any other legal entity." S.C.Code Ann. § 39–5–10(a). As such, both Charleston and Mt. Pleasant are "legal entities" authorized to bring—with the prior approval of the Attorney

General—a SCUTPA cause of action to protect their interests. Plaintiffs received approval from the Attorney General to pursue this SCUTPA cause of action prior to filing their Motions to amend.

2. Defendants also argue that the proposed claim is insufficient because it does not seek redress for misrepresentations to consumers, and because the proposed application of SCUTPA is irreconcilable with the local tax scheme at issue. To permit proper review of the issues on the merits, however, both of these arguments would be more properly considered on a motion to dismiss or a motion for summary judgment. At this early stage, the court does not find that the asserted cause of action is clearly insufficient.

this assertion, Defendants cite *InMed Diagnostic Services, L.L.C. v. MedQuest Assoc. In.,* 358 S.C. 270, 594 S.E.2d 552 (2004), which held that an UTPA claim based on allegedly deceptive information provided to the Department of Health and Environmental Control ("DHEC") was unsustainable under the regulatory exemption because "[w]hether or not [defendant] followed [DHEC's] procedures correctly is uniquely within the competency of DHEC." *Id.* at 556. Applying this exception to the case *sub judice,* Defendants assert that whether they are subject to and have complied with Plaintiffs' local tax ordinance is a matter to be decided under the local tax ordinance, not the state UTPA. For this reason, Defendants assert that the Amended Complaints are insufficient on their faces.

The court finds, however, that the regulatory exception of SCUTPA is not implicated under the facts as alleged in the Amended Complaints. The regulatory exception applies when the complained of acts fall within the framework of a regulatory body; in this case, however, the Amended Complaints mention no such regulatory body which oversees the enforcement of the Municipal Accommodations Fee Ordinance. Accordingly, there is no indication on the face of the Amended Complaints that the regulatory exception necessarily applies. This issue may certainly be revisited on a motion to dismiss or a motion for summary judgment; however, at this stage and considering *only* the allegations in the Amended Complaints, the court finds that the proposed cause of action is not clearly insufficient or frivolous.

**(2) Prejudice**

 A motion to amend a pleading may also be denied if it is unduly "prejudicial to the opposing party." *Foman,* 371 U.S. at 182, 83 S.Ct. 227, 9 L.Ed.2d 222. Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 510 (4th Cir.1986). An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred. *Laber v. Harvey,* 438 F.3d 404, 426–427 (4th Cir. 2006); *see Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case.").

In this case, Defendants argue that Plaintiffs "had eight months to pursue an alleged claim under the UTPA," and that allowing amendment at this late date would "cause Defendants undue hardship." (Opposition at 11.) The court finds, however, that the proposed additional theory of recovery under SCUTPA relies on facts that have already been pled and is offered while there is still time for additional discovery, if needed. As such, Defendants have not shown that allowing the proposed amendment will cause any undue prejudice.

### CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs City of Charleston and Town of Mount Pleasant's Motions to Amend their Complaints are **GRANTED.**

**AND IT IS SO ORDERED.**